

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00180-CR
_____


TIMOTHY FLETCHER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 10F0809-005


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

According to seventeen-year-old E.M., she was sexually abused by Timothy Fletcher, beginning when she was thirteen years old and continuing for approximately three years. Resulting from this, Fletcher was convicted by a jury of four counts of aggravated sexual assault of a child, seven counts of sexual assault of a child, and four counts of indecency with a child.[1] His appeals each raise four issues, all dealing with the admission or exclusion of certain pieces of evidence. We affirm the trial court's judgment because (1) no error has been preserved regarding excluding E.M.'s diary, (2) admitting the evidence of the attempted suicide was harmless, (3) admitting Charles Creidler's[2] testimony was not reversible error, and (4) no error has been preserved regarding admitting the graphic pornography covers.

E.M. testified that Fletcher's abuse began when she was thirteen years old and involved touching, oral sex, and intercourse. E.M. also testified that Fletcher made a video recording of her with a hidden camera in the bathroom.[3] The State presented testimony from a sexual assault

---

[1]In this appeal, Fletcher appeals his sexual assault conviction and sentence of ten years' imprisonment. In fourteen companion cases, our cause numbers 06-11-00181-CR through 06-11-00194-CR, the appeals of which are also decided today, Fletcher appeals his remaining convictions. Fletcher was sentenced to sixty years' imprisonment in cause numbers 06-11-00191-CR, 06-11-00192-CR, 06-11-00193-CR, and 06-11-00194-CR and sentenced to ten years' imprisonment in 06-11-00181-CR, 06-11-00182-CR, 06-11-00183-CR, 06-11-00184-CR, 06-11-00185-CR, 06-11-00186-CR, 06-11-00187-CR, 06-11-00188-CR, 06-11-00189-CR, and 06-11-00190-CR. The trial court ordered the ten-year sentences, as a group, to be served concurrently with the other ten-year sentences, but consecutive to the sixty-year sentences as a group. All fifteen appeals were briefed together and identical issues were raised in all fifteen appeals.

[2]We realize Charles Kreidler's name is misspelled throughout this opinion. We spell it in this opinion as it is spelled in the record.

[3]Although the State did not find a hidden camera or any video recording, the State introduced evidence that the bathroom light fixtures contained holes which may have been used for a hidden camera and that several of the computers in the house were missing their hard drives. Michael Muller, Fletcher's son, testified that two of the computers the State alleged were missing hard drives actually did have hard drives and pointed out the hard drives in

2

nurse examiner that a "well-healed notch" in E.M.'s vagina was consistent with sexual assault. Fletcher argued that E.M. made the allegations as an act of resistance to her parents' authority and their disapproval of a recent boyfriend.

*(1)    No Error Has Been Preserved Regarding Excluding E.M.'s Diary*

Fletcher complains that the trial court abused its discretion excluding E.M.'s diary. After E.M. testified that she kept a diary that was "[v]ery private" and that no one else had access to, Fletcher attempted to introduce E.M.'s diary into evidence. The State objected based on hearsay. In his first issue, Fletcher contends that the trial court erred in restricting its ruling to Rule 801 of the Texas Rules of Evidence and abused its discretion in not admitting the diary under Rule 613 of those rules. *See* TEX. R. EVID. 613, 801.[4]

The Texas Rules of Evidence prohibit the use of hearsay statements. A statement is hearsay if it is one "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Certain statements are excluded from this rule including prior statements or admissions by party-opponents. *See* TEX. R. EVID. 801(e). The prior inconsistent statements admissible under Rule 801(e) must have been made at a trial or hearing, subject to cross-examination, and under oath subject to the penalty of perjury. *See id.* A prior inconsistent statement not meeting the stringent

---

court. Muller admitted two of the computers were missing hard drives, but testified he and Fletcher assembled computers and those two computers were used for spare parts.

[4]Fletcher argues the diary is a prior inconsistent statement which, pursuant to Rule 613 of the Texas Rules of Evidence, can be used to impeach E.M. *See* TEX. R. EVID. 613. Although the diary does not contradict E.M.'s testimony, Fletcher argues the absence, in the diary, of any reference to a sexual relationship between E.M. and Fletcher constitutes a prior inconsistent statement. In essence, Fletcher is arguing a prior statement can be inconsistent by omission.

requirements of Rule 801(e)(1)(A), though, may be admissible as impeachment evidence. *See* TEX. R. EVID. 613(a). Because impeachment evidence is not substantive evidence of the truth of the matter asserted, impeachment evidence is not hearsay. 2A Steven Goode, et al., *Texas Practice Series: Courtroom Handbook on Texas Evidence* § 536 (2012).

Although Fletcher asserts that arguments were presented to the trial court under both rules, we disagree. At a bench conference, the following exchange occurred:

> [State's Attorney]: This is the diary. The State still objects to the contents of the diary. I mean, it's hearsay.
>
> THE COURT: What's your response to that?
>
> [Defense Attorney]: It's three years' worth of notes where she never registered in her private thoughts any --
>
> THE COURT: How is it coming in under the hearsay rule?
>
> [Defense Attorney]: This is her record.
>
> THE COURT: But what exception? In your pretrial conference --
>
> [Defense Attorney]: My client is not objecting to it as hearsay.
>
> [State's Attorney]: I am.

The trial court subsequently dismissed the jury, and the following exchange occurred outside the presence of the jury:

> THE COURT: Okay. State is objecting to it on the basis of hearsay. What's the -- what's the defendant's response to the objection?
>
> [Defense Attorney]: It is -- it is the witness' record that is incon --
>
> [State's Attorney]: It's her own personal thoughts. It's not a business record.

4

[Defense Attorney]: I don't seek to introduce it as a business record. It is her thoughts on her life for a period of years.

THE COURT: What's it relevant to? I mean, what's the -- what's the -- well, the objection is hearsay. So my question is, how does that come in under the hearsay rule? They're objecting to it as hearsay. What -- what –

[State's Attorney]: And, Judge --

THE COURT: -- rule, exception, et cetera, would it come in under?

[State's Attorney]: We'll object as to hearsay and 401 and 403 because all this is going to do is confuse them even if it were to get past the hearsay.

[Defense Attorney]: Any evidence that he's not guilty will confuse them.

THE COURT: Well, my question --

[Defense Attorney]: I understand that's not --

THE COURT: -- what exception to the hearsay rule are you arguing that that comes in under?

[Defense Attorney]: It is the witness' own words, the witness' own records.

THE COURT: Okay. Statements -- prior statements by witnesses are admissible only if it was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding.

[Defense Attorney]: I don't suggest, your Honor, that it's a prior -- that it is a prior statement given to someone else.

THE COURT: It's a statement made by the witness --

[Defense Attorney]: Statement by the witness.

THE COURT: -- at a prior time, prior statement. Right? Prior statement by witness. It's a statement made by the witness at a prior time.

5

[Defense Attorney]: Well, I don't agree with the Court's interpretation, but that's --

THE COURT: Well, explain to me your theory of how it comes in. I -- that's what I'm trying --

[Defense Attorney]: If it is the witness' own recollection -- own recorded memories in her own words, in her own hand, I suggest that it's not hearsay.

THE COURT: Okay.

[Defense Attorney]: Or not subject to the hearsay rule.

THE COURT: Okay. It's hearsay. It's a document -- an oral or written verbal expression other than the one made by the declarant testifying at trial offered in evidence to prove what?

[Defense Attorney]: To prove -- to disprove the allegations that she was sexually molested during this period of time, which is the relevant period of time by her testimony.

THE COURT: Well, once again, she's not the party. The State is the party. She is a witness. The rule specifically states, prior statements by a witness which are offered as inconsistent with declarant's testimony, that they have to be given under oath subject to the penalty of perjury at trial, hearing, or other proceeding except grand jury proceeding or in a deposition.

This doesn't fit any of those elements, so I'll sustain the objection.

To preserve a complaint for appellate review, the record must establish (1) that the complaint was made to the trial court by a request, objection, or motion that was timely and sufficiently specific to make the trial court aware of the grounds of the complaint and (2) that the trial court ruled adversely. TEX. R. APP. P. 33.1; *Pardue v. State*, 252 S.W.3d 690, 698–99 (Tex. App.—Texarkana 2008, no pet.). A party's failure to employ "magic words" will not preclude

error preservation if the party's complaint is sufficient to make the trial court aware of the grounds of the complaint. *Pardue*, 252 S.W.3d at 699.

Despite being given a number of opportunities, defense counsel failed to make any suggestion that the diary was admissible as impeachment evidence under Rule 613. A general assertion that the diary was not hearsay is not sufficient to make the trial court aware of a Rule 613 argument. We are not suggesting that counsel must cite the specific rule number. Counsel must, however, justify the admissibility of the evidence with enough specificity that the trial court can identify what rule is being argued. The defense objection was sufficiently vague that it could be reasonably understood as an objection under either rule. That objection was insufficient to make the trial court aware that defense counsel was claiming admissibility under Rule 613. Failure to present a particular argument to the trial court in support of the admission of excluded evidence forfeits that argument. *Reyna v. State*, 168 S.W.3d 173, 176–79 (Tex. Crim. App. 2005). An argument that the diary was admissible under Rule 613 is not preserved for appellate review.

Although an objection was preserved under Rule 801, Fletcher does not argue that the diary was admissible under Rule 801. Fletcher concedes the diary does not qualify as a prior inconsistent statement under Rule 801(e)(1)(A). Fletcher does not argue the diary was admissible under any of the other subsections of Rule 801.

Fletcher does alternatively argue the ruling amounted to a constitutional violation. The Texas Court of Criminal Appeals has recognized,

7

> There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense.

*Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (evidence only "incrementally" furthered appellant's defensive theory, did not preclude presentation of defensive theory). Fletcher, though, did not allege any constitutional violation in the trial court and any error has not been preserved for appellate review. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (appellant may not raise for first time on appeal facial challenge to constitutionality of statute); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (appellant waived as-applied challenge because failure to object at trial).

Because this issue is not preserved for appellate review, we overrule it.

*(2)    Admitting the Evidence of the Attempted Suicide Was Harmless*

Fletcher contends the trial court committed reversible error in admitting evidence concerning his suicide attempt shortly after his arrest on these charges. Fletcher requested notice of the State's intent to introduce "evidence of other crimes, wrongs, or acts" pursuant to Rule 404(b).[5] The State provided notice of a number of extraneous offenses, but, until the day of trial, did not provide notice of an intent to introduce evidence concerning Fletcher's suicide attempt.

---

[5]This motion is not contained in the clerk's record for this case. The clerk's record in Fletcher's companion case, 06-11-00181-CR does contain a motion titled "Defendant's Request For Notice" with a caption including all fifteen cause numbers. Neither party has complained of this defect and the State quotes from this motion in its brief. We take judicial notice of the motion titled "Defendant's Request For Notice" filed on July 5, 2011, in cause number 06-11-00181-CR and will consider the motion in all fifteen appeals.

During the State's case-in-chief, the State introduced testimony from Creidler, a police officer with the Texarkana Police Department, that Fletcher had attempted to commit suicide. Creidler testified that Fletcher attempted suicide by stabbing himself multiple times in the abdomen with a knife. At a hearing outside the presence of the jury immediately before Creidler's testimony, the defense objected because Creidler was not on the State's witness list and renewed its earlier objections "in regards to a suicide attempt." The trial court overruled the defense objections and granted "a running objection to Fletcher on the witness' testimony on both issues."[6]

Fletcher did not request a continuance. The Fort Worth Court of Appeals, though, has held a request for a continuance is not necessary to preserve this issue for appeal. *Washington v. State*, 943 S.W.2d 501, 504 (Tex. App.—Fort Worth 1997, pet. ref'd) (construing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g), but noting same rule applies under Rule 404(b) of Texas Rules of Evidence). There is some authority supporting the rule's continued viability. *See McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005) (Rule 404(b) error preserved, but considering lack of request for continuance when assessing harm). As such, we conclude that Fletcher was not required to request a continuance to preserve error.

We review the trial court's decision to admit evidence under an abuse-of-discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *Wall v. State*, 184

---

[6]Objections to a specific line of questioning can be preserved by either (1) obtaining a specific running objection or (2) obtaining a contrary ruling by the trial judge outside the presence of the jury. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991). Both methods of preservation were used in this case.

S.W.3d 730, 743 (Tex. Crim. App. 2006).  If the decision to admit evidence is within the zone of reasonable disagreement, the trial court has not abused its discretion.  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd).  We will not substitute our own decision for that of the trial court.  *Marsh*, 343 S.W.3d at 478.

Assuming without deciding that the evidence of Fletcher's attempted suicide was admissible for a purpose other than character conformity,[7] the State was required to provide Fletcher with notice of its intent to introduce such evidence.

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.*

TEX. R. EVID. 404(b) (emphasis added); *see Smith v. State*, 5 S.W.3d 673, 679 (Tex. Crim. App. 1999) (evidence admissible under Article 38.36 still requires 404(b) notice).

The State argues that attempted suicide is not an extraneous offense.  *See Harper v. State*, 930 S.W.2d 625 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  To be precise in our review, we observe that Rule 404(b) is not limited to extraneous offenses, but also includes evidence of "other . . . wrongs or acts."  TEX. R. EVID. 404(b).  Also, the State's reliance on *Harper* is misplaced.  *Harper* concerned whether the attempted suicide was intrinsic to the offense.  *See*

---

[7]The State argues that the evidence was admissible for the purpose of identity.  Because Fletcher does not contest that the evidence would be admissible for another purpose, it is not necessary for this Court to decide for what purpose it is admissible under Rule 404(b).  *See* TEX. R. APP. P. 404(b).  We further note that the list of permissible purposes in Rule 404(b) are not exclusive.  *Montgomery*, 810 S.W.2d at 387 (listed purposes are illustrative).

10

*Harper*, 930 S.W.2d at 625. As recently noted by the Texas Court of Criminal Appeals, Rule 404(b) does not apply to "same-transaction contextual evidence" that is intrinsic to the offense. *Worthy v. State*, 312 S.W.3d 34, 39 (Tex. Crim. App. 2010); *see Buchanan v. State*, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995). Although the court in *Harper* said the attempted suicide was not an extraneous offense, the substance of the court's opinion was that the attempted suicide, which occurred while fleeing from the pursuing officers, was intrinsic to the offense. *Harper*, 930 S.W.2d at 630. Rule 404(b) did not apply in *Harper* because the attempted suicide was part of the same transaction as the charged offense. *Id.* The suicide attempt in this case, occurring three days after Fletcher's arrest, was not part of the same transaction and does not constitute same-transaction contextual evidence.

The Texas Court of Criminal Appeals has held that failure to comply with the notice provisions of Rule 404(b) requires exclusion of the evidence. *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (trial court has discretion to grant continuances). Notice on the day of trial is insufficient to provide reasonable notice, and admitting the challenged evidence concerning Fletcher's suicide attempt was error.

This error, however, is subject to harmless error analysis for nonconstitutional errors. TEX. R. APP. P. 44.2(b); *Hernandez*, 176 S.W.3d at 824. We must disregard a nonconstitutional error that does not affect a criminal defendant's "substantial rights." TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Reversible error has not occurred if we, after examining the record as a

whole, have "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

There are a few reasons we find no harm here: lack of surprise, lack of a request for a continuance, and similar evidence properly admitted.

The purpose of Rule 404(b) notice is to prevent surprise, and a defendant's substantial rights are not affected "if the defendant was not surprised by the evidence." *Hernandez*, 176 S.W.3d at 825. There is no indication that Fletcher was surprised by the evidence of his attempted suicide.

Further, Fletcher did not request a continuance. *See McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005) ("[H]ad there been legitimate surprise that required a re-evaluation of trial strategy, the appellant could have requested a continuance.").

Additionally, similar evidence was admitted elsewhere without objection. If other evidence proving the same fact is properly admitted elsewhere, or comes in elsewhere without objection, the admission of inadmissible evidence is harmless error. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Land v. State*, 291 S.W.3d 23, 29 (Tex. App.—Texarkana 2009, pet. ref'd). Stacey Fletcher, Fletcher's wife, testified on cross-examination that Fletcher had attempted to commit suicide. The defense did not object to this cross-examination.[8]

The error was harmless.

---

[8]The defense later questioned Stacey Fletcher on redirect examination and attempted to introduce, over the State's objection, Fletcher's suicide note.

*(3)     Admitting Charles Creidler's Testimony Was Not Reversible Error*

Fletcher also argues that the trial court erred in permitting Creidler to testify despite not being on the State's witness list or the State's supplemental witness list. In a pretrial order, the trial court ordered the State to provide Fletcher with a witness list. Although the State initially believed it had included Creidler on its list, it later conceded that it had inadvertently omitted Creidler. The trial court overruled the defense's objection, concluding that there was no showing of bad faith and that the substance of Creidler's testimony "could be foreseen."

A defendant must "object on the basis of surprise" in order to preserve error for appellate review. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994). Although Fletcher did not claim any surprise concerning the above mentioned suicide evidence, Fletcher did claim surprise concerning whether Creidler would be a witness. Fletcher's attorney stated on the record that he had reviewed the State's file, pursuant to its open-file policy, and there was not any mention that "Detective Creidler had any information that would be relevant" and that the defense "had no way of anticipating" that Creidler would be called as a witness. We conclude Fletcher did object on the basis of surprise, thus preserving the issue for our review.

The trial court's decision to permit testimony by a witness whose name is not on the State's witness list is reviewed under an abuse of discretion standard. *Moore v. State*, 38 S.W.3d 232, 236 (Tex. App.—Texarkana 2001, pet. ref'd). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). In making our determination, we should consider various factors, including whether there was bad faith on the part of the State in failing to disclose the witness'

13

name before trial and whether the defendant could have reasonably anticipated that the witness would testify, though unlisted. *Nobles v. State*, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992); *Lafayette v. State*, 835 S.W.2d 131, 132 (Tex. App.—Texarkana 1992, no pet.).

The trial court appears to have focused on the substance of Creidler's testimony. While we agree that the substance of the testimony was forseeable and that forseeability figures into our analysis, we should also consider whether the witness would testify, not whether the substance of the testimony was forseeable. *See Nobles*, 843 S.W.2d at 514. The two issues are not equivalent. While knowledge of the substance of a witness' testimony will help a defendant prepare for cross-examination, a defendant cannot fully prepare impeachment of a witness without knowing the name of the witness. Fletcher's attorney—an officer of the court[9]—stated on the record that he could not have anticipated Creidler being called as a witness. We note that these factors are merely considerations in our analysis; the factors do not set out a two-part test. *See id*. Although the Texas Court of Criminal Appeals did not specifically mention the substance of the testimony as a factor, we agree with the trial court that whether the defendant could foresee the substance of the testimony is relevant.

The trial court did not abuse its discretion in admitting Criedler's testimony. While the only evidence in the record indicates the defense could not foresee Creidler being called as a witness, other considerations bring the decision within the zone of reasonable disagreement.

---

[9]The general rule is that an attorney's statements on the record, as an officer of the court, are considered evidence unless an objection is made. *See Holloway v. Arkansas*, 435 U.S. 475, 486 (1978); *In re M.N.*, 262 S.W.3d 799, 804 (Tex. 2008); *Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 4 (Tex. App.—Texarkana 2010, no pet.).

Because there was not any evidence of bad faith by the State[10] and the substance of the testimony could be foreseen, the trial court's decision was not an abuse of discretion.

Even if admitting the testimony was error, the error would be harmless because Fletcher did not request a continuance. The failure to request a continuance renders harmless this type of error. *Barnes*, 876 S.W.2d at 328; *Rushing v. State*, 50 S.W.3d 715, 729 (Tex. App.—Waco 2001, pet. ref'd). Fletcher's third issue is overruled.

*(4)     No Error Has Been Preserved Regarding Admitting the Graphic Pornography Covers*

Fletcher argues the trial court abused its discretion in admitting the covers of commercial pornography video recordings. Fletcher is concerned, here, with covers of pornographic video recordings discovered in a box in a storage room of Fletcher's home.

E.M. testified that Fletcher was not circumcised. During its cross-examination of Stacey Fletcher, the State asked her whether he had been circumcised. Mrs. Fletcher responded, "To be honest with you, I would -- I don't really know how to tell the difference." Mrs. Fletcher then clarified that "I -- I have not seen and compared two penises, whether they have extra skin or not." After this testimony, the trial court admitted the covers of two pornographic video recordings into evidence.[11]

---

[10]The record contains no evidence, beyond mere surmise, that the State acted in bad faith.

[11]The video recordings, titled "Raunch-O-Rama Colossal Combos, vol. 16" and "Kink-o Rama, vol. 27," are both commercially produced and both contain disclaimers that all actors were over eighteen years of age.

At trial, Fletcher objected as follows:

> [Defense Attorney]: Well, I think its prejudicial effect would outweigh any probative value. Second, there's no evidence from this witness that she has paid any particular attention to any material that was on the video.
>
> . . . .
>
> She doesn't know what circumcised means really. You know how much is extra skin, what constitutes extra skin. I mean, again, I think that -- you know, I understand that the -- that the -- that the State would like to kick that door down, but that -- certainly any probative value is outweighed by the prejudicial effect of that kind of testimony.

At trial, Fletcher's trial counsel argued the evidence was inadmissible under Rule 403 of the Texas Rules of Evidence. *See Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (specifying criteria to consider in determining whether prejudice substantially outweighs probative value). On appeal, Fletcher argues strictly that admitting the covers improperly impeached Mrs. Fletcher with specific instances of her conduct—presumably viewing the graphic images on the video covers or the recordings themselves. *See* TEX. R. EVID. 608(b). An appellant's argument on appeal "must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Although the argument that the video covers are more prejudicial than probative was preserved at trial, it is not argued on appeal and, thus, is unassigned error.[12] *See* TEX. R. EVID. 403. Although the argument that the video covers

---

[12]We have discretion to address unassigned error. *See e.g.*, *Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012) ("[A]ppellate courts may review unassigned error—a claim that was preserved in the trial court but was not raised by either party on appeal."); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (reaffirming authority to address unassigned error, but noting it must be preserved); *Olivas v. State*, 202 S.W.3d 137 (Tex. Crim. App. 2006) (affirming review of unassigned and unpreserved jury charge error); *Wright v. State*, 981 S.W.2d 197, 199 n.2 (Tex. Crim. App. 1998) (appellate court may, in its discretion, consider unassigned error); *Carter v. State*, 656 S.W.2d 468 (Tex. Crim. App. 1983).

improperly impeached Mrs. Fletcher with other acts is argued on appeal, it was not preserved for our review. TEX. R. APP. P. 33.1; TEX. R. EVID. 608(b); *see Wilson*, 71 S.W.3d at 349. We overrule this issue.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 2, 2012
Date Decided:       July 10, 2012

Do Not Publish

---

The underlying evidentiary issue here is whether E.M. was correct in her testimony that Fletcher was uncircumcised, thus supporting the allegations that she was sexually assaulted and abused by Fletcher. The State had both E.M.'s and Creidler's testimony that Fletcher was uncircumcised. It attempted to get Mrs. Fletcher to say the same thing, unsuccessfully. When she answered in essence that she did not know, explaining that she had not compared multiple penises, the State responded by tendering the pornographic video covers, explicitly showing circumcised penises, which, presumably, Mrs. Fletcher saw. But, the presence of the explicit images stored in the Fletchers' belongings also tends to show another side of Fletcher's sexual practices, viewing pornography. That could be prejudicial in his defense of these charges. An argument is that the State's need for the pornographic evidence was outweighed by danger of unfair prejudice to Fletcher. A counterveiling argument is that shoring up the fact that Fletcher was uncircumcised was important to the State's case and that the Fletchers' possession or viewing of pornographic images of adults is not unduly prejudicial in a prosecution for sexual assault of a child.

Whether the trial court abused its discretion, in ruling that the danger of unfair prejudice of this evidence does not substantially outweigh the evidence's probative value, is reviewed for an abuse of discretion. *Mozon*, 991 S.W.2d at 847; *see* TEX. R. EVID. 403. "In reviewing the trial court's balancing test determination, a reviewing court is to reverse the trial court's judgment 'rarely and only after a clear abuse of discretion.'" *Mozon*, 991 S.W.2d at 847 (quoting *Montgomery*, 810 S.W.2d at 389). We are not convinced that the trial court abused its discretion in admitting the images.

17