

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00127-CR

JOSHUA GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 12F0172-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Joshua Green was convicted by a jury of two counts of aggravated sexual assault of a child younger than fourteen years of age and two counts of sexual assault of a child younger than seventeen years of age. Green was sentenced to forty years' imprisonment for each aggravated sexual assault conviction and twenty years' imprisonment for each sexual assault conviction and was ordered to pay a $10,000.00 fine in each conviction. On appeal, Green argues that the trial court erred in (1) "preclud[ing] evidence of the consensual nature of sexual conduct between the alleged victim and the defendant that occurred after the alleged victim reached the age of consent" and (2) by "permitting the introduction of photographs depicting [the victim] and her brothers at [a] very young age." We affirm the trial court's judgment because we find that no offer of proof was made regarding any consensual sexual activity between Green and the victim, Sandra Davis (a pseudonym), and that no error occurred in admitting photographs depicting Davis at an age when she was likely first molested by Green.

## I.     Standard of Review

A trial court's decision to admit or exclude evidence is reviewed only for abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion if the decision to exclude evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd). We may not substitute our own decision for that of the trial court. *Moses v.*

*State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's decision on the exclusion of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379.

## II.      There Was no Offer of Proof Regarding Alleged Consensual Sexual Activity

Green, Davis' mother's boyfriend, moved in with the Davis family when Davis was in the second grade. Davis, who was twenty-two years of age at the time of trial, testified that she was abused "[f]rom third grade till I was eighteen" and that the abuse occurred "[a]ll the time. At least once a month." Beginning from age eight or nine, Green began "touching and feeling, fondling" Davis and engaged in "[d]ry humping" her. At about the sixth grade, the abuse escalated. Davis testified that Green "actually put his hands in my privates," penetrated her vagina and anus with his fingers, and engaged in oral sex. Davis also testified that Green "would get like a ziplock [sic] bag and put it over his penis and try to put it in me" and that this particular abuse began during her "eighth grade summer." She explained that the penetration occurred several times.

The abuse was discovered when Davis' mother found Green "giving [Davis] oral sex." Davis was eighteen at this time. Thus, it was established that Davis engaged in sexual activity with Green after the age of consent. On appeal, Green argues that the trial court erred in excluding evidence by preventing him "from informing the jury that said activity was legal and/or consensual." Green argues that by introducing evidence of sexual activity after the age of

3

consent, the "State opened the door to the introduction of Appellant's and [Davis'] consensual sexual activities."

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1)     the complaint was made to the trial court by a timely request, objection, or motion that:

(A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B)     complied with the requirements of the Texas Rules of Civil or Criminal Evidence . . . ; and

(2)     the trial court:

(A)     ruled on the request, objection, or motion, either expressly or implicitly; or

(B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

"In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an 'offer of proof' which sets forth the substance of the proffered evidence." [1]   *Mays v. State*, 285 S.W.3d 884, 889 (Tex.

---

[1] Green cites this portion of his cross-examination in an effort to show that the trial court ruled on the exclusion of consensual sexual activity:

A       Of course, when I got caught, and what I did, what I did, grinding, oral sex, I did that.

Q       [Prosecutor] When did you -- how old was she when you did oral sex? . . .

4

. . . .

A       She was about fifteen or sixteen. . . .

. . . .

Q       . . . How often -- well, what happened from the time you began your sexual contact with her until you got walked in on by her mother?  Tell me what happened.  Were there occasions where you penetrated her with your fingers or -- you said never with your penis?

A       Never with my penis.

Q       All right. And did you ever -- what else was going on?  Was it just a lot of hugging and rubbing?

A       Yes, sir.  And like I say, you know, I'm the fault of that because when it happened, sometimes it would just be me.  I guess for me, doing what I had did, it triggered her, and then she would come to me, and then --.

[Prosecutor]:  Your Honor, I object.  For the second time, this is not proper testimony for guilt/innocence.  It's mitigating, maybe.

THE COURT:  Sustained.  Ladies and gentlemen, I sustained the objection. Disregard any of the testimony -- that response from the Defendant in this case as it relates to that subject.

Q       . . . Okay.  I forgot where we were now, but finish your testimony. Do you remember what you were saying?

A       I was saying -- you asked me when was the times and where did it occur.  I can't tell you exact dates.  All I know is that it happened, not all the time, but sometimes.  And some of the times I'd bring it on, and then some other times she would bring it on.

[Prosecutor]:  Your Honor, I -- may we approach?

THE COURT:  Ladies and gentlemen, I'm going to have -- if you'll go back to the jury room, please.

(Jury recessed.)

THE COURT:  This is outside the presence of the jury.  Objections?

[Prosecutor]:  Judge, it is my understanding, and I think it's fairly elementary, that if it's a minor and the victim is somebody below the age of seventeen, there is no discussion permitted about who initiated -- about the victim initiating.  I think there are rare circumstances where that could be mitigating evidence.  That is punishment evidence for the jury.  A minor cannot consent, ever, under these circumstances.  Now, you know, there's Romeo and Juliet, but a minor cannot consent, so any testimony of it is just disparaging the victim, and it's frankly not admissible.  And this is like the third time that this Defendant has tried to say he had a relationship

Crim. App. 2009) (quoting TEX. R. EVID. 103(a)(2)). "'Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.'" *Id.* (quoting TEX. R. EVID. 103(a)(2)). "'The

with the child and that she started it. She's a child. A child can't start a relationship with an adult. And I just object, and it just continues to come in and come in and come in.

[Defense Counsel]: Your Honor, we're not trying to legally blame her for anything or to excuse ourselves for anything. What the man said was what the physical facts were, and he said sometimes she comes onto him and sometimes he started it. The fact is, it's a fact. It's not anything other than just what the facts are. And we're not trying to argue legal blame or excuse or anything else. He said that he takes full responsibility for what happened and she's under age and he should've stopped her. He should've done something about it but he didn't.

[Prosecutor]: Judge, if there are any conceivable set of circumstances in which that is relevant, it would be in punishment.

THE COURT: Anything else?

[Defense Counsel]: No, sir.

THE COURT: The Court is going to sustain the objection. Mr. Green, you are not to mention again to this jury during this phase, and of course, the Court will consider it during the punishment phase if we get there, about her approaching you or trying to initiate sex. Again, that's what the statutes are there for, to protect the innocence of the victim in this case. Consent cannot be -- a juvenile person under the age of seventeen, and particularly under the age of fourteen certainly is not in a position to consent, and the testimony concerning her coming onto you is indicative of her consenting to the activity. So the Court would find that to be improper and would instruct you not to go into that testimony in front of the jury. Do you understand?

[Green]: Yes, sir.

THE COURT: All right, very good. Bring the jury back in.

(Jury seated.)

THE COURT: You may be seated. Ladies and gentlemen, I have sustained the State's objection. I'm also going to instruct you, as I previously did, you are to disregard the answer provided by Mr. Green as it relates to the actions of the juvenile in this case. You may continue.

It appears that the trial court's ruling was based on the idea that Green was attempting to testify about Davis' alleged consent prior to the age at which she was legally able to give consent.

6

primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence.'" *Id.* at 890 (quoting 1 Steven Goode et al., *Texas Practice–Guide to the Texas Rules of Evidence: Civil and Criminal* § 103.3 (1993)).

Green's arguments are based on the incorrect assumption that any activity occurring after the age of consent is consensual. Green argues that "[a]s [Davis] was eighteen years old . . . ([on] the night of Appellant's arrest), the consensual nature of the sexual activity that night can be inferred." We disagree. Engaging in sexual activity with a person without their consent is a crime, regardless of that person's age. *See* TEX. PENAL CODE ANN. § 22.011(a) (West 2011), § 22.021(a) (West Supp. 2012). Green fails to point to a place in the record, by offer of proof or otherwise, establishing that Davis consented to sexual activity after age eighteen. Thus, evidence supporting Green's position was never submitted to the court for consideration of its admissibility. We conclude Green has failed to preserve error on this point.

Further, Davis testified that she engaged in the activity after adulthood because "it was happening for so long, it was just a routine," and clarified that "[t]here was never enjoyment on my side." She added that she "never approached him to make him do that." From the early stages of Davis' abuse, she was threatened by Green that if she told her mother, "he'd just kill everybody in my family." The evidence shows that Green was also the provider for the family, and Davis believed that if Green "wasn't there that we wasn't going to be able to make it without him." Davis' mother testified that when Green was caught engaging in sexual activity with

Davis, the expression on Davis' face "was empty, like nothing was there."  The only evidence on the issue of consent when Davis was eighteen is unfavorable to Green.

Green's first point of error is overruled.

## III.    Trial Court Did Not Abuse its Discretion in Admitting Photographs of Victim

Davis' brothers, who were younger than her, were not called to testify at trial.  When the State sought to admit photographs of Davis at a young age, one which included her brothers, Green's counsel lodged an objection to their relevance.  The State responded that the photographs were relevant because

> when these children were in the third grade, their frame of reference for recall of events, which we've discussed here in court, primarily by the Defense, is that of a third grader.  Even though they may be eighteen to twenty-two years old, they're going back into the ability of a third grader to remember.

Although Green's counsel argued that "[t]he pictures don't add anything or subtract anything from that argument," the trial court admitted the photographs.  After publishing the pictures, the State elicited testimony from Davis' mother that her sons, who were "maybe about six and maybe eight in that picture," could not be expected to understand any impropriety occurring between Davis and Green.

The trial court found that the photographs, depicting a young Davis, would assist the jury in determining her ability to recall specific dates and events, or that the photograph which included Davis' brothers provided the jury with a visual explanation of why the brothers would have been incapable of understanding the wrong occurring.  The specific ground for admission of the photographs is perplexing, and we are not persuaded by it.  If, however, the evidence was admissible on any grounds, we will affirm its admission.  *Kipp v. State*, 876 S.W.2d 330, 337

8

(Tex. Crim. App. 1994); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Barnum v. State*, 7 S.W.3d 782, 789 n.3 (Tex. App.—Amarillo 2000, pet. ref'd).

On appeal, Green argues that the photographs were irrelevant and were admitted for the sole purpose of inflaming the jury.[2] Davis was eight or nine years old and was in the third grade when the abuse began. She experienced difficulty in establishing specific dates on which Green's abuse occurred and in describing the details of specific events. Although Davis' specific age in the photographs was not clarified, Green argues that Davis was either ten or twelve years old based on her mother's description of the age of the children.[3] Therefore, the photographs were taken after a time when Davis was suffering sexual abuse by Green.

"Generally, a photograph is admissible if verbal testimony as to matters depicted in the photographs is also admissible." *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). "In other words, if verbal testimony is relevant, photographs of the same are also relevant." *Id*. The State argues that "[b]ecause the age of the victim at the time the assaults occurred is admissible, a photograph depicting the victim at that age is also admissible." We agree.

We also find that the photographs constituted background contextual evidence, which is admissible because it is helpful to the jury. This type of evidence "'fill[s] in the background of the narrative and give[s] it interest, color, and lifelikeness.'" *Mayes v. State*, 816 S.W.2d 79, 87

---

[2]To the extent the brief raises issues relating to Rule 403, we find that those arguments were not preserved by relevance objection lodged below. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (argument on appeal must comport with objection at trial).

[3]Green argues that although Davis was either ten or twelve years of age when the photographs were taken, the photograph was not relevant because Davis testified "that she was in the sixth grade when the touching began. Therefore, any testimony regarding [Davis'] appearance prior to December 1, 2001 [the earliest date contained in the State's indictment] would have been inadmissible." Green's argument demonstrates a misunderstanding of the testimony, and suggests improperly that testimony by Davis of Green's abuse prior to December 1, 2001, would be inadmissible.

(Tex. Crim. App. 1991) (quoting McCormick, Evidence § 185 (3rd ed. 1984)).  In the absence of further objection, the photographs were also admissible to provide the jury with a visual image of Davis at an age when she was subjected to Green's molestation.  Therefore, there was no error in the admission of the photographs.

We overrule Green's last point of error.

**IV.  Conclusion**

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     August 26, 2013
Date Decided:       August 28, 2013

Do Not Publish