

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00086-CR

_____


GERALD MILLARD MARSH, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 37595-B



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Gerald Millard Marsh appeals his conviction for manslaughter of Felicia Smith, sentence of fifteen years' imprisonment, and fine of $10,000.00 on the sole ground that the trial court erred in denying Marsh the right to introduce evidence of the juvenile record of Marcus Smith, a witness. We affirm the trial court's judgment.

The following facts are not in dispute. Felicia was staying with Marsh in his home. During the night, Marcus and his friend Keith Bates paid a visit to Felicia to "[s]ee if she wanted to come drink with us." Marsh answered the knocking at the door and announced that he did not want Marcus in his home and desired that he leave. A fracas arose among the people who were there (with Marsh fighting both Felicia and Marcus), ending up with Felicia, Marcus, and Bates being located on the front yard and Marsh inside the house. Marsh retrieved a gun from within the home, and seeing a "silver thing" in Felicia's hand which he said he believed at the time might have been a pistol, fired several shots through the open front door,[1] resulting in the gunshot death of Felicia.

As to the death of Felicia, Marsh was charged with murder, manslaughter, and aggravated assault; he was also charged with the aggravated assault with a deadly weapon of Marcus.[2] The

---

[1]Marsh characterized these as "warning shots" and maintained that he was attempting to shoot over the heads of the brother and sister duo.

[2]Marsh was convicted of the aggravated assault with a deadly weapon of Marcus. That conviction is also the subject of a simultaneous appeal to this Court (our docket number 06-10-00102-CR). The same record has been submitted for both cases and the briefs submitted on each case are virtually identical.

charges against Marsh as to the alleged crimes against Felicia and the crime against Marcus were tried together. Marsh asserted a self-defense claim, testifying that Marcus and Felicia assaulted him after Marcus was asked to leave. Marsh wanted to introduce, through his own direct testimony, a juvenile adjudication on Marcus' record for attempted capital murder.[3] The purpose stated at trial for the introduction of the records was to establish that his fear of Marcus was reasonable. The trial court allowed Marsh to testify to Marcus' character through opinion and reputation testimony, but ruled the juvenile adjudication and underlying facts of the attempted capital murder inadmissible. Marsh complains that the trial court's ruling "denying the defendant the right to cross examine Marcus Smith about his juvenile adjudication for attempted capital murder in light of defendant's claim of self-defense" was in error.[4]

The sole reason stated at trial for which Marsh sought to admit Marcus' juvenile adjudication was to support his theory of self-defense.[5]

**Application of Rules 403 and 404 of the Texas Rules of Evidence**

---

[3]This murder, as described in *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998), was quite cold-blooded.

[4]Marsh did not attempt to cross-examine Marcus about his juvenile record as suggested by the point of error. Prior to Marcus' examination, Marsh entered into an agreement with the State that he would not mention the juvenile adjudication.

[5]On appeal, a second argument is posited, that being that the trial was essentially a swearing match between Marsh and Marcus as to the events which transpired and that Marcus' "status as a convicted party to capital murder would undoubtedly have an effect on a jury weighing conflicting evidence." Marsh did not express that reason to the trial court. The specific grounds of an objection must be stated if it is not apparent from the context in which the objection is raised. TEX. R. EVID. 103(a); *Morales v. State*, 951 S.W.2d 59, 62 (Tex. App.—Corpus Christi 1997, no pet.). An appellant's trial objection must be timely and specific, and it must comport with his objection on appeal, or error is waived. TEX. R. APP. P. 33.1(a)(1)(A); *Gallo v. State*, 239 S.W.3d 757 (Tex. Crim. App. 2007). Not having advanced this argument to the trial court, it was waived.

A trial court's decision to admit or exclude evidence is reviewed only for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion if the decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379.

In instructing Marsh not to testify about Marcus' juvenile adjudication concerning the prior murder, the trial court stated:

> The Court finds that even if that evidence is probative, the danger of unfair prejudice substantially outweighs any probative value. Further, the Court finds that those specific instances of conduct would be introduced merely just to show conformity with character and do not go to the issue at hand.

Thus, it appears the trial court's ruling was based upon application of Rules 403 and 404.[6]

---

[6]Rule 404 of the Texas Rules of Evidence prohibits the use of character evidence to show character conformity. Evidence of "other crimes, wrongs or acts" may be admissible if it has relevance apart from its tendency "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Rule 404(b) contains an illustrative, but not exhaustive, list of relevant and permissible uses of such evidence ("proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). If the evidence of other misconduct is met by a proper objection, the burden is on the proponent to demonstrate that the challenged evidence has relevance beyond its tendency to show character conformity. *Montgomery*, 810 S.W.2d at 387. Aside from self-defense, no argument was advanced by Marsh attempting to demonstrate admission for a purpose other than to show a tendency toward undesirable character conformity. Moreover, Rule 404(a)(3) provides the admission of character evidence is subject to Rule 609. Rule 609 of the Texas Rules of Evidence permits the credibility of a

As to Rule 403, the court felt that even if the specific instance of conduct—an attempted capital murder which occurred over sixteen years ago—had probative value on the issue of self-defense, the probative value was substantially outweighed by the danger of unfair prejudice. Our review of Marsh's brief reveals that there is no challenge to the trial court's discretionary Rule 403 ruling. *McDonald*, 179 S.W.3d at 576 (trial court's decision to admit or exclude evidence reviewed only for abuse of discretion)[7]; *Willover*, 70 S.W.3d at 845. One must raise specific objections at trial in order to preserve them for appeal. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). An appellant must attack all independent grounds supporting a trial court's ruling. *Dinger v. State*, No. 12-06-00190-CR, 2007 WL 2257936, at *2 (Tex. App.—Tyler Aug. 8, 2007, pet. ref'd) (mem. op., not designated for publication) ("Appellant challenges the trial court's ruling that the evidence was not relevant to punishment under article 37.07. However, even if the evidence was relevant to punishment under article 37.07, evidence

---

witness to be attacked with evidence of the witness's conviction for a felony or crime involving moral turpitude. TEX. R. EVID. 609(a). However, evidence of juvenile adjudications is ordinarily not admissible for impeachment purposes. TEX. R. EVID. 609(d). The reason for this rule is that juvenile adjudications are not convictions. TEX. FAM. CODE ANN. § 51.13(a) (Vernon 2008). In limited circumstances, the constitutional right to cross-examination may require a juvenile adjudication to be admitted. *Foster v. State*, 25 S.W.3d 792, 795 (Tex. App.—Waco 2000, pet. ref'd). For example, a pending juvenile charge may be admissible on cross-examination to show the motive or bias of the witness to testify favorably for the State. *Carmona v. State*, 698 S.W.2d 100, 102 (Tex. Crim. App. 1985); *Harris v. State*, 642 S.W.2d 471, 476 (Tex. Crim. App. 1982). Also, a defendant is permitted to cross-examine a crucial witness regarding his juvenile record for the limited purpose of showing bias where the witness was on probation for the juvenile crime while assisting the police and testifying in court. *Davis v. Alaska*, 415 U.S. 308 (1974). Defendants are not, however, permitted to cross-examine a witness regarding prior juvenile adjudications for general character impeachment purposes. *Foster*, 25 S.W.3d at 795; *Gilmore v. State*, 871 S.W.2d 848, 851 (Tex. App.—Houston [14th Dist.] 1994, no pet.). During trial, Marsh failed to advance motive or bias as a reason supporting admissibility of Marcus' juvenile record.

[7]We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

5

that runs afoul of Rule 403 may (and should) still be excluded. . . . Because the unchallenged Rule 403 ground supports the trial court's overall ruling, we do not address whether the evidence was, in fact, relevant to punishment under article 37.07." (Citations omitted.)); *Ortiz v. State*, No.03-02-00520-CR, 2004 WL 437772, *4 (Tex. App.—Austin Mar. 11, 2004, no pet.) (mem. op., not designated for publication) ("If relevant as presented, the trial court ruled that it did not meet the balancing test under Rule 403. Appellant acknowledges the Rule 403 decision but has not challenged that ruling by briefing the issue. We find no abuse of discretion on the part of the trial court." (Citations omitted.)); *see Taylor v. State*, No. 05-09-00645-CR, 2010 WL 2927471, at *1 (Tex. App.—Dallas July 28, 2010, pet. ref'd) (mem. op., not designated for publication) (Affirming because appellant did not provide adequate briefing on one possible basis for denial of a motion to suppress. In so holding, court stated, "We will not make appellant's arguments for him."); *Walker v. State*, No. 05-08-01134-CR, 2009 WL 3353627, at *3 (Tex. App.—Dallas Oct. 20, 2009, no pet.) (mem. op., not designated for publication) ("in order to preserve an issue for appeal, the appellant must raise all issues or points on appeal in their brief." TEX. R. APP. P. 38.1(h)). Therefore, if the trial court's ruling can be sustained on an independent ground the appellant must challenge all of the grounds on appeal. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (defendant must challenge each ground on which the trial court relies on to rule against the defendant because one sufficient ground supports trial court's order).[8]

---

[8]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in

We also point out that even had the trial court's ruling been in error, we fail to see that (given the manslaughter verdict rendered by the jury) it would have caused harm to Marsh. A person is guilty of manslaughter if he recklessly[9] causes the death of an individual. TEX. PENAL CODE ANN. § 19.04 (Vernon 2011). Self-defense renders the use of force against another "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31 (Vernon 2011). Because the actor, in deciding to employ self-defense, must make a decision that the use of force is immediately necessary for protection, the resulting action is intentional or knowing. For this reason, courts have stated that one cannot act accidentally or recklessly when acting in self-defense. *Nevarez v. State*, 270 S.W.3d 691, 695 (Tex. App.—Amarillo 2008, no pet.); *Martinez v. State*, 16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Avila v. State*, 954 S.W.2d 830, 838–39 (Tex. App.—El Paso 1997, pet. ref'd) (holding intentional conduct implicit in claim of self-defense); *Johnson v. State*, 915 S.W.2d 653, 659 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *see also Alonzo v. State*, 328 S.W.3d 19 (Tex. App.—Corpus Christi 2010, pet. granted). Because self-defense could not be utilized to justify manslaughter (the crime for which Marsh was convicted), Marsh was not entitled to introduce

developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[9]"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(c) (Vernon 2011).

7

Marcus' juvenile adjudication for that charge on the basis of self-defense and could not have served to exculpate Marcus of the crime for which he was convicted.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     May 23, 2011
Date Decided:       June 10, 2011

Publish