

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00079-CR
_____

SANTIAGO SORIANO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1222923

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Santiago Soriano was convicted by a jury of the aggravated sexual assault of S.O., a ten-year-old girl, and was sentenced to fifteen years' imprisonment. As a part of the defense contemplated by Soriano, he attempted to demonstrate that the child's mother had fabricated the story and had coached the victim to claim that the sexual abuse had occurred. In order to carry out that strategy, Soriano attempted during cross-examination of the mother to establish that the mother's ex-husband (the father of S.O.) had entered a plea of guilty to a "nearly identical offense" of indecency with a child by contact. The ex-husband had been deported to Mexico due to the resulting criminal conviction. The trial court excluded this evidence on the ground that the testimony was irrelevant.

In his appeal from his conviction, Soriano's sole point of error centers on the exclusion of this evidence, a ruling he maintains resulted in a violation of his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Because the offer of proof by Soriano failed to demonstrate the relevance of the excluded testimony, we find no abuse of discretion in the trial court's ruling. We affirm the trial court's judgment.

The record in this case clarifies Soriano's argument and the trial court's reasoning for excluding the evidence. During the mother's cross-examination, Soriano's counsel asked why her ex-husband was in Mexico. The State objected to the relevance of this information, and Soriano's counsel responded, "It's very relevant, Judge. . . . Basically, I believe he was deported for being accused of aggravated sexual assault of a child." After a bench conference, during which the trial court sought to elicit the grounds for Soriano's attempted proffer of the evidence,

the jury was cleared from the courtroom and Soriano was permitted to make an offer of proof and argue the relevance of the testimony he sought to introduce. Through questions to S.O.'s mother during this offer of proof, Soriano established that the ex-husband had indeed entered a plea of guilty to a "problem similar to this" and had been deported to Mexico. Soriano then represented to the trial court that he believed this information showed that S.O. and her family had been touched by this kind of conduct and that this prompted S.O. and her mother to adopt a strategy of falsely accusing Soriano of the same kind of conduct. Soriano went on to opine that the prior exposure of the victim and her mother to discussions regarding the involvement of the child protective services entity in the previous matter planted the seed of false charges in the mother's mind. Soriano's counsel summed up his argument to the trial court by saying,

> And I believe that it's a violation of my client's right to confrontation, 6th Amendment, 14th Amendment, and 4th Amendment because I believe she put it in a false air when she said [S.O.] had done nothing wrong, I can't believe I brought this on, all this other stuff. And then he asked her, you know, your daughter did nothing wrong, all this stuff.
> I believe it creates a false impression that her family has been exposed to this system and [S.O.] knows exactly what goes on and knows exactly how to play this game to get false accusations and get people charged. And that's what you're blocking me from getting to.
>
> . . . .
>
> Judge, I believe that it goes to my case theme that these are false allegations and that the child is being manipulated. And the fact that her own ex-husband went through the system, was deported, goes along with my theme. Again, like I said, I believe my client's right to confrontation, cross-examination, when she gets up here and acts like, you know, this has never happened before and she doesn't know --

The trial court, after observing on the record that Soriano's tender of proof contained no evidence that the child's father had been subjected to false accusations by any person, that the

charges to which Soriano referred did not involve claims that the father had abused S.O., or that the child's mother had ever acted as if this kind of thing had never happened before in the family, ruled that such evidence was inadmissible because it was irrelevant to the matters at trial.

Under the Confrontation Clause of the Sixth Amendment to the United States Constitution (made applicable to the states through the Constitution's Fourteenth Amendment), "'in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013) (quoting U.S. CONST. amend. VI). "A primary interest secured by the Confrontation Clause is the right of cross-examination." *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *see Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). The scope of cross-examination is "necessarily broad" and includes the right to show possible bias, self-interest, motives in testifying, or an attack on credibility. *Carroll*, 916 S.W.2d at 497; *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). Soriano argues that his right to confront S.O.'s mother was infringed upon when the trial court limited the scope of his cross-examination. The standard of review employed and the precedent we must follow disagree with Soriano.

A trial court's decision to admit or exclude evidence is reviewed only for abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). A trial court does not abuse its discretion if the decision to exclude evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana

2011, pet. ref'd). So long as decisions fall within that zone, we may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). If the trial court's decision on the exclusion of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379.

"The constitutionally-protected rights to confrontation and cross-examination are not absolute." *Lempar v. State*, 191 S.W.3d 230, 237 (Tex. App.—San Antonio 2005, pet. ref'd). A defendant does not have a right to "'cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). While a defendant has a constitutional right to cross-examine a witness, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679; *see Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).

"The proponent of evidence to show bias [or motive] must show that the evidence is relevant." *Woods v. State*, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004). Soriano's brief maintains that the fact of S.O.'s father's deportation due to an indecency with a child by contact conviction provides evidence of "motive to concoct false accusations against [Soriano]." In order for evidence of matters such as this to be relevant, there must be some logical connection

5

to the witnesses' motive and the evidence sought to be presented.[1]  *See Irby*, 327 S.W.3d at 149–50, 152.  Because, as the trial judge accurately stated, there was no evidence that the allegations against S.O.'s father were false or even that the complainant in that case was S.O., there is no logical connection between the conviction and any motive of fabrication.  Because the conviction had no relationship to this case other than the fact that the perpetrator was the father of the victim (and, simultaneously, the husband of the victim's mother) and the charges were not shown to be false, the evidence was irrelevant and inadmissible.

Because Soriano failed to demonstrate the admissibility of evidence concerning S.O.'s father's conviction and resulting deportation, we cannot hold that the trial court abused its discretion in disallowing that evidence.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     November 12, 2013
Date Decided:       November 13, 2013

Do Not Publish

---

[1]"While evidence of prior accusations of sexual abuse may be admissible to impeach the credibility of the complainant, there must be a showing that such evidence is probative."  *Lempar*, 191 S.W.3d at 239 (citing *Lopez*, 18 S.W.3d at 226).  "To be considered probative, there must be evidence that the prior accusations were similar to the accusations in the instant case, and there must be evidence the prior accusations were false."  *Id.*