

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00042-CR

_____

ALESHA DAWN KELLER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1200591

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

At Alesha Dawn Keller's Hunt County jury trial for driving while intoxicated (DWI), the trial court admitted into evidence a video depicting, not Keller actually undergoing the Horizontal Gaze Nystagmus (HGN) test administered to her, but a demonstration comparing how the eyes of a sample intoxicated individual and those of a sample sober individual react to that field sobriety test. Keller appeals from the trial court judgment finding her guilty,[1] contending that the trial court erred by admitting the demonstrative video and that Keller received ineffective assistance of counsel at trial. We affirm the trial court's judgment because (1) admitting the video was discretionary and (2) Keller failed to establish ineffective assistance of counsel.

*(1)      Admitting the Video Was Discretionary*

Texas Department of Public Safety Trooper Phillip McKenzie initially stopped Keller's automobile for speeding. McKenzie noticed an odor of alcohol coming from inside the car and after questioning, obtained from Keller her admission that she had consumed some alcoholic drinks that night. McKenzie administered several standard field sobriety tests, including the HGN test. Keller submitted to a breath test using the Intoxilyzer 5000 device and produced readings of 0.228 and 0.216 blood alcohol levels. Keller was charged by information with DWI, second.

During McKenzie's trial testimony, the State moved to admit a training video depicting a close-up view of two sets of eyes, one purporting to be the eyes of a sober person reacting to an HGN test and the other a drunk person's eyes reacting to an HGN test. Keller objected, arguing

_____

[1]Keller was sentenced to 365 days' confinement, fined $2,000.00, and assessed $443.00 in court costs.

that the video's probative value was substantially outweighed by the danger of unfair prejudice. The trial court overruled her objection, gave a limiting instruction, admitted the video for demonstrative purposes only, and allowed the video to be shown to the jury. Keller argues that the trial court erred in admitting the video because its probative value was substantially outweighed by the danger of unfair prejudice.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). In other words, a trial court does not abuse its discretion if the decision to exclude evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Under Rule 403 of the Texas Rules of Evidence, a trial court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Our analysis is guided, though not limited, by the following factors, known as the *Montgomery* factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the

3

proponent's need for the evidence." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005); *see Montgomery*, 810 S.W.2d at 389–90 (op. on reh'g).

Here, the trial court admitted the video as demonstrative evidence only.[2] Demonstrative evidence is evidence admitted to serve as a visual aid or illustration that is offered merely to help explain or summarize a witness' testimony or to put events into better perspective. *Baker*, 177 S.W.3d at 123; *Torres v. State*, 116 S.W.3d 208, 213 (Tex. App.—El Paso 2003, no pet.). The video took minimal time to develop, and the State did not have a great need for the evidence, as McKenzie testified to the details of the HGN test and the clues the test can reveal as to the possible intoxication of the subject. However, the video visually demonstrated the clues and differences to which McKenzie testified. The potential to impress the jury in an irrational way was low,[3] especially because the trial court gave the following limiting instruction to the jury:

> Ladies and gentlemen of the jury, as you have heard, this particular item, State's Exhibit Number 1 that you're about to see, is not a videotape of the eyes of the Defendant in this case, Ms. Keller, but instead is admitted to show you what nystagmus looks like, and you may consider it only for that purpose.

We ordinarily presume that a jury follows cautionary instructions from the trial court. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011).

---

[2]The trial court's discretion to permit the use of visual aids, charts, and videos at trial is well established. *Marras v. State*, 741 S.W.2d 395, 404–05 (Tex. Crim. App. 1987), *overruled on other grounds, Garrett v. State*, 851 S.W.2d 853, 860 (Tex. Crim. App. 1993) (video re-enactment of defendant's flight from crime scene admissible); *Baker v. State*, 177 S.W.3d 113, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

[3]After the video was played for the jury, McKenzie testified that there are six clues (three per eye) that he looked for when administering the HGN test and that he observed all six clues in Keller. Keller argues that McKenzie's testimony "implied that [Keller's] state was so similar to the video that she must have been intoxicated" and that the "intoxicated person in [the video] might as well been [Keller]." While her characterization of McKenzie's testimony is disputed, Keller failed to object to McKenzie's post-video testimony. Therefore, no error was preserved for our review regarding that testimony. *See* TEX. R. APP. P. 33.1(a)(1).

Based on an examination of the factors, we conclude that the trial court acted within its discretion to admit the video into evidence. Accordingly, we overrule this point of error.

*(2)* *Keller Failed to Establish Ineffective Assistance of Counsel*

Keller claims that the State's case depended largely on the testimony of "two expert witnesses," McKenzie, who testified regarding the "HGN and other field sobriety tests," and Jim Hughes, who explained the "workings of the Intoxilyzer machine and intoxication and its effects." Keller argues that she received ineffective assistance of counsel because her trial lawyer failed to obtain an expert witness to "equalize the weight of the evidence" by testifying to the field sobriety tests and the Intoxilyzer.

We employ the two-pronged *Strickland* test for determining whether a defendant received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under the first *Strickland* prong, an appellant must first show counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687–88. The *Strickland* test "requires a case-by-case examination of the evidence." *Hart v. State*, 314 S.W.3d 37, 41 (Tex. App.—Texarkana 2010, no pet.) (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)). Allegations of ineffectiveness must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

There was no new trial hearing. From the record before us, which does not contain counsel's reasoning for failing to seek an expert to rebut the testimony of McKenzie and Hughes, Keller bears the burden of proving by a preponderance of the evidence that her counsel was

5

ineffective. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813. Rarely will a reviewing court be able to find ineffective assistance of counsel on direct appeal without a record capable of providing an evaluation of the merits of the claim. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. This is such a case.

Keller argues that the use of an outside expert could show if the State's witnesses followed the proper procedures on the field sobriety tests and the Intoxilyzer machine. However, counsel could have reasonably concluded that an expert was unnecessary or would not have been able to combat or contradict the testimony of McKenzie and Hughes. Similarly, counsel may have thought McKenzie and Hughes would provide favorable testimony on cross-examination, thereby rendering a defense expert unnecessary.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004). Therefore, we will not second-guess the strategy of Keller's counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd). Here, Keller has not shown that her trial counsel's performance was deficient. Because failure to satisfy either prong of the *Strickland* test is fatal, we need not examine the second prong of the *Strickland* test. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). We overrule this point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      February 19, 2014
Date Decided:        March 27, 2014

Do Not Publish