**Affirmed and Opinion Filed August 19, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00416-CR

### THE STATE OF TEXAS, Appellant
### V.
### ELIZABETH HOSKINS, Appellee

### On Appeal from the County Criminal Court of Appeals No. 2
### Dallas County, Texas
### Trial Court Cause No. MB07-20056-M

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellee Elizabeth Hoskins was convicted of driving while intoxicated. She timely filed a motion for new trial and an amended motion for new trial, and the trial judge signed an order vacating the judgment and granting her a new trial. The State appeals that order. We affirm.

### I.  BACKGROUND

Appellee was charged with the offense of driving while intoxicated. She pleaded not guilty, and her case was tried before a six-person jury. Only one witness testified at her trial, a Texas Highway Patrol Trooper named Louie Borja. Borja testified that he pulled appellee over for speeding on the Dallas North Tollway at about 12:45 a.m. on January 31, 2007. When he approached appellee, he noticed she had red, glassy eyes, and he smelled the odor of alcohol. He arrested her after having her perform certain field sobriety tests.

The jury found appellee guilty. The trial judge decided appellee's punishment and sentenced appellee to 120 days in jail, probated for fifteen months. He also imposed a fine of $600, and he required appellee to perform forty hours of community service.

Appellee timely filed a motion for new trial in which she asserted only that the verdict was contrary to the law and the evidence. She subsequently filed a timely amended motion for new trial in which she asserted that the trial judge had erred during voir dire by denying a challenge for cause, that the jury had committed misconduct by performing field sobriety tests themselves during deliberations, and that a new trial was warranted in the interest of justice. The trial judge timely held a hearing on appellee's amended motion for new trial and signed an order vacating the judgment and granting a new trial. On the State's request, the judge signed findings of fact and conclusions of law.

The State timely filed its notice of appeal from the order granting appellee a new trial.[1]

## II. ANALYSIS

In a single issue on appeal, the State argues that the trial judge abused his discretion by granting appellee a new trial. We conclude that we must affirm because the State failed to address one independent basis for the trial court's order.

The State addresses four possible grounds for the granting of the new trial: the insufficiency of the evidence, the denial of appellee's challenge of a veniremember for cause, jury misconduct, and the interest of justice. But in her motion for new trial, appellee raised two legally and factually distinct reasons to support her argument that the trial judge should have granted appellee's challenge of a veniremember for cause: (1) the veniremember said that she would lighten the State's burden of proof, and (2) the veniremember also said that she would give police officers more credibility than other witnesses. The trial judge granted the motion for

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (West Supp. 2013) (authorizing the State to appeal from an order granting a new trial).

new trial as to "the voir dire issue" without specifying his reasons. In its appellate brief, the State addresses only the second reason identified above. In response, appellee filed a brief in which she argued all issues, including her argument that a new trial was proper based on the veniremember's statement that she would lower the State's burden of proof. Appellee pointed out that the State's brief failed to address this basis for appellee's motion for new trial. The State did not respond and in fact did not file a reply brief at all. The State's failure to address all independent grounds supporting the trial judge's order is fatal to the State's appeal.

An appellant, whether the State or the defendant, must challenge all independent bases or grounds that fully support a judgment or appealable order. "[I]f the trial court's ruling can be sustained on an independent ground the appellant must challenge all of the grounds on appeal."[2] If even one independent ground fully supports the complained-of ruling or judgment, but an appellant does not assign error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.[3] Because the State did not challenge the first of the two "voir dire issues" relied on by the trial court to grant the motion for new trial, we overrule the State's issue.

[2] *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding that defendant appealing from revocation of probation must challenge each independent ground for revocation)); *see also State v. Sandoval*, 842 S.W.2d 782, 785 (Tex. App.—Corpus Christi 1992, pet. ref'd) (holding, in State's appeal from dismissal of indictment and information, that the State "must challenge every ground raised in the motions [to dismiss] to preserve its right to appellate review").

[3] *See Moore*, 605 S.W.2d at 926; *Marsh*, 343 S.W.3d at 479; *Sandoval*, 842 S.W.2d at 785; *see also Delacruz v. State*, No. 05-12-01354-CR, 2014 WL 223174, at *12 (Tex. App.—Dallas Jan. 21, 2014, no pet.) (not designated for publication) ("When an appellee objects to evidence on several independent grounds and, on appeal, the appellant fails to challenge all possible grounds for the trial court[']s ruling, the appellant waives any error by not challenging all possible grounds for the trial court[']s ruling."); *Johns v. State*, No. 14-11-00420-CR, 2012 WL 1899195, at *8 (Tex. App.—Houston [14th Dist.] May 24, 2012, no pet.) (mem. op. not designated for publication) ("By failing to challenge and adequately brief the basis for the trial court's ruling, appellant cannot demonstrate that the trial court abused its discretion in admitting the video interview into evidence."); *State v. Aviles*, No. 10-07-00371-CR, 2008 WL 976955, at *1-2 (Tex. App.—Waco Apr. 9, 2008, no pet.) (mem. op. not designated for publication) (overruling State's challenge to trial court's order suppressing evidence because State failed to challenge each ground for trial court's ruling).

### III. Conclusion

The State failed to brief one of the independent bases supporting the trial judge's order granting appellee's motion for new trial. Accordingly, we affirm that order.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130416F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00416-CR     V.

ELIZABETH HOSKINS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. MB07-20056-M.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the trial court's Order Granting Defendant's Motion for New Trial is **AFFIRMED**.

Judgment entered August 19, 2014