

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00012-CR

DEMETRIUS STEWART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 13
Bexar County, Texas
Trial Court No. 580334, Honorable Crystal D. Chandler, Presiding

August 16, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Demetrius Stewart appeals from his conviction by jury of the misdemeanor offense of assault with bodily injury to a family member and the resulting court-imposed sentence.[1] Via his appeal, he challenges the trial court's ruling finding the complainant was unavailable to testify and allowing her out-of-court statements into evidence. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West 2018).

Background

Early on a morning in July 2018, sheriff's deputies responded to a call regarding a domestic disturbance in a residential neighborhood. The complainant, appellant's wife, did not testify at trial but, over objections, the court admitted the recording of her 911 call and allowed a deputy and a paramedic to testify to statements she made to them at the scene. Those statements were to the effect that appellant hit his wife in the face while she was asleep. The witnesses described her injuries.[2]

Appellant testified, admitting to his prior arrests and acknowledging he was on probation at the time of trial. Appellant denied hitting his wife, told the jury he did not know who hit her, and claimed he did not cause her pain and suffering. He testified that the day before the complainant was injured, they argued about his alleged infidelity. He said his wife fabricated the charges against him because she feared he was preparing to leave her.

The jury found appellant guilty as charged in the information. The court then held a short punishment hearing. Appellant now appeals, arguing the trial court erred when it determined the complainant was unavailable to testify at trial, thereby allowing her out-of-court statements into evidence.

---

[2] A second deputy testified at trial. He did not relate the complainant's statements but described her demeanor and injuries in a manner consistent with the other witnesses: "She was upset. She had oozing to the left eye, an abrasion."

Analysis

In application of an accused's right of confrontation, "out-of-court statements offered against the accused that are 'testimonial' in nature are objectionable unless the prosecution can show that the out-of-court declarant is presently unavailable to testify in court and the accused had a prior opportunity to cross-examine him." *Langham v. State*, 305 S.W.3d 568, 575-76 (Tex. Crim. App. 2010) (citing *Crawford v. Washington,* 541 U.S. 36, 59, 68 (2004)).

The record reflects that prior to trial, appellant filed a document entitled "Motion in Limine Regarding Statements of a Non-Testifying Witness" through which he sought an order precluding evidence of out-of-court testimonial statements until a hearing had been held to determine whether the witness was unavailable and whether appellant had an opportunity for prior cross-examination. The trial court held a pretrial hearing on the motion, at which the deputy and the paramedic testified, describing the complainant's statements. The court later issued a written order finding the complainant's statements were non-testimonial in nature and satisfied several exceptions to rules of evidence that might have barred their admission. The court further concluded that it was premature to consider whether the State had satisfied its burden to show the complainant was unavailable to testify at trial; the court took that matter under advisement.

At the outset of the guilt-innocence phase of trial, the court addressed the unavailability of the complainant. At the court's request, the State presented its evidence to show the complainant was unavailable to testify in court. As evidence, the State told

the court of its numerous unsuccessful efforts to contact and serve a subpoena to the complainant.

After the State told the court of its efforts, appellant raised an objection but the court found there was "sufficient evidence to show [the complainant] is unavailable for purposes of a *Crawford* analysis, *Davis v. Washington* analysis, and obviously, a confrontation clause under the Sixth Amendment analysis . . . ."[3]  As noted, during trial, the court permitted introduction of the 911 call and the testimony of the complainant's on-scene statements.

In his appellate brief, appellant challenges only the trial court's ruling that the complainant was unavailable.  The brief contains no argument challenging the court's written order finding the complainant's 911 call and her on-scene statements were not testimonial in nature.  But it is only if those statements were testimonial that the question of the unavailability of the declarant becomes relevant; if the statements are non-testimonial, the Confrontation Clause and *Crawford* are not implicated.  *See Gongora v. State,* 214 S.W.3d 58, 62 (Tex. App.—Fort Worth 2006, pet ref'd) ("to implicate the Confrontation Clause, the out-of-court statement at issue must have been (1) made by an absent declarant and (2) testimonial in nature."  The "threshold question" is whether the statements at issue are testimonial or non-testimonial.) (citations omitted).

In separate rulings, the trial court ruled the complainant's statements were not testimonial and that the complainant was unavailable to testify in court.  In the face of

---

[3] *Crawford,* 541 U.S. 36; *Davis v. Washington,* 547 U.S. 813 (2006); U.S. CONST. amend. VI.

such rulings, we could not reverse the trial court's judgment merely by sustaining appellant's challenge to the ruling on availability. For that reason, appellant's issue presents nothing for our review. *See Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (collecting cases) ("if the trial court's ruling can be sustained on an independent ground, an appellant must challenge all of the grounds on appeal."). *See also Walker v. State,* No. 05-08-01134-CR, 2009 Tex. App. LEXIS 8104, at *7-8 (Tex. App.—Dallas Oct. 20, 2009, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 38.1(h); *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). If an unchallenged, independent ground fully supports the trial court's ruling, "we must accept that unchallenged, independent ground's validity; any error in the appellant's challenged ground is harmless because the unchallenged, independent ground remains to fully support the trial court's decision." *Calton v. State,* No. 02-17-00364-CR, 2018 Tex. App. LEXIS 8738, at *7-8 (Tex. App.—Fort Worth Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *State v. Hoskins*, No. 05-13-00416-CR, 2014 Tex. App. LEXIS 9171, at *5 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (mem. op., not designated for publication); *Moore,* 605 S.W.2d at 926; *Marsh,* 343 S.W.3d at 479). *See also Agbilbeazu v. State,* No. 14-16-01023-CR, 2018 Tex. App. LEXIS 4071, at * 5 (Tex. App.—Houston [14th Dist.] June 7, 2018, no pet.) (mem. op., not designated for publication) (appellant failed to assign error to trial court's ruling on hearsay and that independent ground was accepted, thus rendering any error in the ground urged harmless).

For that reason, we overrule appellant's issue.

Conclusion

Having resolved appellant's sole issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.