

IN THE
TENTH COURT OF APPEALS

No. 10-14-00310-CR

**MICHAEL DARREN BOYDSTON,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F48751

## MEMORANDUM OPINION

Michael Darren Boydston appeals from convictions for the offenses of indecency with a child by contact and sexual assault of a child, for which he was sentenced to two consecutive terms of life in prison. TEX. PEN. CODE ANN. §§ 21.11, 22.011 (West 2011). Boydston complains that the trial court abused its discretion by allowing testimony regarding an extraneous offense and that the evidence was insufficient to support the convictions for indecency and sexual assault. Because we find that the trial court did

not abuse its discretion and the evidence was sufficient, we affirm the judgment of the trial court.

*Extraneous Offense*

In his first issue, Boydston complains that the trial court abused its discretion by allowing the testimony of K.I. regarding an alleged sexual assault by Boydston in 2003 when she was 15 years old. The trial court conducted a hearing outside of the presence of the jury as required by article 38.27 of the Code of Criminal Procedure to determine whether or not the testimony of K.I. would be admitted. Boydston argues that the evidence presented at the hearing would not have supported a finding beyond a reasonable doubt that he committed either the offense of sexual assault of a child or indecency with a child.

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'" *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (*quoting Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (*citing Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810

S.W.2d at 379). Where there has been no abuse of discretion, we will not substitute our own decision for that of the trial court. *Id.* (*citing Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

Article 38.37, section 2(b) states that "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) . . . may be admitted in the trial of an alleged offense described by Subsection (a)(1) . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." The trial court is required to conduct a hearing outside of the presence of the jury to determine whether the evidence of the separate offense is "adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 38.37, sec. 2-a.

Section 21.11 of the Texas Penal Code, entitled "Indecency with a Child," states in relevant part:

> (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact . . .
>
> . . . .
>
> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child…

TEX. PENAL CODE ANN. § 21.11.

At the hearing before the trial court, K.I. testified that in July of 2003, when she was 15 years old, she was watching television late one night while she was at her aunt's house. Boydston and K.I.'s uncle arrived at the house late after having gone to a bar. Boydston was a friend of her aunt and uncle's. Boydston went into a spare bedroom, but came out at some point after her aunt and uncle had gone to bed. K.I. stated that Boydston forced her to have sex with him and it caused her to bleed from her vagina. K.I. stated that Boydston had choked her while he was forcing her. Afterward, Boydston told K.I. not to tell her aunt because her aunt would be very upset with her.

K.I. did not tell anyone what had happened at that time. She had thrown away the shorts she was wearing that night because they had blood on them. K.I. did not remember what Boydston was wearing before these events occurred, and she did not have marks on her neck where Boydston had allegedly choked her.

Boydston argues that because K.I. did not testify specifically that Boydston caused his sexual organ to contact her sexual organ or that he ever touched her breast or genital area, the evidence was not adequate for the trial court to have allowed its admission before the jury. We disagree. The evidence before the trial court was that Boydston had gotten on top of K.I. and forced her to have sex while he choked her,

which caused her vagina to bleed.  It is reasonable to infer that K.I. would not have bled from her vagina without some type of contact on her genitals, which is all that is required for the trial court to have determined that the evidence presented was adequate to support a finding by the jury that Boydston committed the offense of indecency with a child beyond a reasonable doubt.  Boydston does not argue that any other element of the offense of indecency with a child was not sufficient.  We find that the trial court's determination to allow the admission of the evidence of the separate offense was within the zone of reasonable disagreement.  We overrule issue one.

*Sufficiency of the Evidence*

In his second issue, Boydston complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he committed the offense of indecency with a child by contact.  In his third issue, Boydston complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he committed the offense of sexual assault.  Boydston contends that the victim's testimony is not credible and therefore, presents no more than a modicum of evidence that he committed the offenses.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light

most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The testimony of a child victim standing alone is sufficient to support a conviction for indecency with a child or sexual assault of a child and corroboration of

that testimony is not required. TEX. CODE CRIM. PROC. ANN. art. 38.07; *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005). The victim, S.F., testified that one night in June of 2009, she and her sister had fallen asleep at Boydston's house in his bed while watching television. S.F. awoke at around 3:00 a.m. by Boydston, who was moving his hand under her shirt toward her vagina. S.F. stated that Boydston inserted a finger into her vagina. Boydston then suggested that they go into the living room, and S.F. went with him into the living room where he pulled down her shorts and started licking her vagina.

Boydston argues that the evidence was insufficient because there was no medical or physical evidence of the offenses, no witnesses other than S.F. and Boydston, S.F. was unable to remember specific details of what occurred other than the offenses themselves, S.F. did not tell anyone that the offenses had occurred until several years later when she was questioned about it, and S.F. allegedly told her niece that the offenses did not occur. Additionally, Boydston testified that the offenses did not occur.

The jury was in the best position to observe the witnesses directly and the jury was in the best position to determine which witnesses were credible or were not credible. We presume that the jury resolved the conflicts in favor of the prosecution. Any lack of memory by the victim or other circumstances surrounding the offenses as well as any evidence that the offenses did not occur were all before the jury, and it was their determination that Boydston was in fact, guilty of the offenses. Viewing the

evidence in a light most favorable to the judgment, we find that the testimony of the victim was sufficient for a reasonable juror to have determined beyond a reasonable doubt that Boydston did commit the offenses as alleged. We overrule issues two and three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CRPM]

