

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00138-CR

_____

OTIS JUSTIN EVANS, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F9225

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

A jury convicted Otis Justin Evans, III, of compelling prostitution of a child. *See* TEX. PENAL CODE ANN. § 43.05(a)(2) (West Supp. 2017). After he pled true to two of the State's enhancement allegations, Evans was sentenced to life imprisonment. On appeal, Evans argues (1) that the trial court erred in admitting extraneous-offense evidence and (2) that the trial court commented on the weight of the evidence by providing an extraneous-offense limiting instruction to the jury. Because we find (1) no error in the admission of the extraneous offenses and (2) that Evans requested the limiting instruction of which he now complains, we affirm the trial court's judgment.

## I.    The Trial Court Did Not Err In Admitting Extraneous-Offense Evidence

By his first point, Evans argues that the trial court erred in admitting the victim's testimony that she had a sexual relationship with Evans and that Evans provided her with methamphetamine. Specifically, Evans argues (a) that this testimony, describing offenses of sexual assault of a child and delivery of a controlled substance, was irrelevant to the offense of compelling prostitution and (b) that the probative value of the child victim's testimony was substantially outweighed by the danger of unfair prejudice against him.

### A.    Standard of Review

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Bradshaw v. State*, 466 S.W.3d 875, 878 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011)). "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of

reasonable disagreement.'" *Id.* (quoting *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd)). "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed." *Id.* (quoting *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)). "In determining whether the trial court abused its discretion, '[w]e may not substitute our own decision for that of the trial court.'" *Id.* (quoting *Marsh*, 343 S.W.3d at 478).

## B.    The Evidence Was Relevant

The child victim testified that she began dating and engaging in a sexual relationship with Evans when she was sixteen years old. She soon moved in with Evans in a home with no utilities and was having sex with him every day. The victim testified that she first used methamphetamine while Evans was present and that Evans continued to supply her with the drug. She told the jury that she loved Evans and agreed to his requests to sleep with other men so they could purchase food and water. The victim testified that she and Evans engaged in a threesome in exchange for payment. After that incident, Evans had the victim prostitute herself to other men while under the influence of methamphetamine.

Evans' brief first makes a conclusory statement that the victim's testimony regarding their prior relationship and evidence that Evans supplied her with drugs was irrelevant. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities."). We disagree.

Article 38.37 of the Texas Code of Criminal Procedure addresses the relevance of the victim's prior sexual relationship with the defendant. It provides that for cases like this one,

3

> [n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> > (1)     the state of mind of the defendant and the child; and
> >
> > (2)     the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b) (West Supp. 2017). Thus, the victim's prior sexual relationship with Evans was relevant.

With respect to the extraneous offense of delivery of a controlled substance, Evans is correct that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, extraneous-offense evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). The State's theory at trial was that Evans caused the child victim to become addicted to methamphetamine to exert control over her so that he could more easily compel her prostitution. Under the State's theory, this extraneous-offense evidence had a tendency to make the act of compulsion or causation of prostitution more probable. *See* TEX. R. EVID. 401(a).

Moreover, "extraneous offense evidence may also be admissible as same-transaction contextual evidence, where 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" *Beltran v. State*, 517 S.W.3d 243, 248 (Tex. App.—San Antonio 2017, no pet.) (quoting *Pribble v. State*, 175 S.W.3d 724, 731

4

(Tex. Crim. App. 2005)). "In that situation, 'the jury is entitled to know all [the] relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum.'" *Id.* (quoting *Pribble*, 175 S.W.3d 731). The child victim testified that she was under the influence of methamphetamine provided by Evans when he caused her to commit prostitution. As same-transaction contextual evidence, it was relevant to the jury's understanding of the charged offense. *See id.* at 249.

C.    **The Probative Value Was Not Substantially Outweighed By Unfair Prejudice**

Relevant evidence may nonetheless be inadmissible under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (quoting TEX. R. EVID. 403).[1] Here, Evans argues only that the probative value of the victim's testimony was substantially outweighed by the danger of unfair prejudice.

Evans bears the burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *See Kappel v. State*, 402 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Unfair prejudice does not mean simply that the evidence injures the opponent's case. *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). "Rather[,] it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not

---

[1]When extraneous-offense evidence is relevant under Article 38.37, a trial court must still conduct a Rule 403 balancing test upon proper objection or request. *Colvin v. State*, 54 S.W.3d 82, 84 (Tex. App.—Texarkana 2001, no pet.).

5

necessarily, an emotional one.'" *Id*. (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

Section 43.05 of the Texas Penal Code provides:

    (a)    A person commits an offense if the person knowingly:

    (1)    causes another by force, threat, or fraud to commit prostitution; or

    (2)    causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time of the offense.

TEX. PENAL CODE ANN. § 43.05 (West Supp. 2017). The State argued that evidence of Evans' prior sexual relationship and drug use had significant probative value because it demonstrated "the dependency that the defendant was cultivating with the victim" to enable him to have power and control over her. The State further argued that the evidence spoke to the defendant's opportunity, plan, and state of mind. In other words, the evidence was probative to show how the victim was caused to engage in or compelled to practice prostitution.

Evans' brief does not explain how the probative value of evidence that Evans had a prior sexual relationship with the victim and supplied her with drugs was substantially outweighed by the danger of unfair prejudice. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will generally be more probative than prejudicial. *See Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). Rule 403 also requires that relevant evidence be excluded only when there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App.

6

2001).  Here, we conclude that Evans did not meet his burden under Rule 403.  Thus, the trial court

did not abuse its discretion in determining that there was not a clear disparity between the degree

of prejudice of the extraneous-offense evidence and its probative value.

In sum, we conclude that the trial court did not abuse its discretion in admitting evidence

that Evans had a prior sexual relationship with the victim and supplied her with drugs.  We overrule

Evans' first point of error.

## II.    Evans Cannot Complain of the Limiting Instruction He Requested

At the beginning of trial, the court provided the jury with the following limiting instruction:

> During the trial, it is expected that you will hear evidence that the defendant
> may have committed wrongful acts not charged in the indictment.  The State is
> offering evidence . . . to show the state of mind of the defendant and the relationship
> between the defendant and the child, as well as the defendant's intent, plan,
> opportunity, and motive.

> You are not to consider that evidence at all unless you find, beyond a
> reasonable doubt, that the defendant did, in fact, commit the wrongful act.  Those of
> you who believe the defendant did the wrongful fact [sic] may consider it.  Even if
> you do find that the defendant committed a wrongful act, you may consider this
> evidence only for the limited purposes I have described.

> You may not consider this evidence to prove that the defendant is a bad
> person and, for this reason, was likely to commit the charged offense.  In other words,
> you should consider this evidence only for the specific limited purposes I have
> described.  To consider this evidence for any other purpose would be improper.

Evans argues that this limiting instruction "caused undue attention to the evidence, and was a

statement of the weight of the evidence by the court."

However, during the pretrial hearing, Evans specifically requested the limiting instruction

and approved its form.  He also requested that this limiting instruction be memorialized in the

written jury charge.[2]  Because he asked the trial court to submit this instruction, Evans is estopped from complaining of its inclusion on appeal.  *Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) ("[T]he law of invited error estops a party from making an appellate error of an action it induced.").  This is because "[t]he law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."  *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011).

We overrule Evans' last point of error on appeal.

## III.   Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    January 31, 2018
Date Decided:     February 7, 2018

Do Not Publish

---

[2]Evans also specifically informed the trial court that he had no objection to the written jury charge.